UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DISH NETWORK L.L.C., ET AL.**, <br> Plaintiffs, <br> v. <br> **BARTON GERSTEL**, <br> Defendant. | Case No. 15-cv-04713-YGR <br><br> **ORDER PROVIDING *RAND* SUMMARY JUDGMENT NOTICE; MODIFYING BRIEFING SCHEDULE** <br><br> Re: Dkt. No. 46 |

Plaintiffs have filed a motion for summary judgment against defendant Barton Gerstel in this matter. (Dkt. No. 46, filed January 10, 2017.) Pursuant to the local civil rules, defendants' opposition is due January 24, 2017, and plaintiffs' reply is due January 31, 2017. Civil L.R. 7-3. The hearing on this motion is currently set for February 14, 2017.

Ninth Circuit authority indicates that self-represented parties should be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions. *See Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 935, 940–41 (9th Cir. 2012). Accordingly, the Court provides the following notice to defendant for his information in connection with plaintiffs' motion for summary judgment:

> [Plaintiffs] are making a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end [the] case by granting judgment in favor of [plaintiffs]. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end [the] case. When a party [suing you] makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony) . . . you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as

> provided in Rule 56(e). The evidence in those documents must contradict the facts shown in the [plaintiffs'] declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted in favor of the [plaintiffs], [judgment will be entered against you] and there will be no trial.

*See Rand*, 154 F.3d at 962–63.

In light of this notice and in light of defendant's status as a *pro se* party, the Court **AMENDS** the briefing schedule as follows: Defendant's opposition shall be due on **January 31, 2017**, and plaintiffs' reply shall be due on **February 7, 2017**. The Court **VACATES** the hearing currently set for February 14, 2017. Once briefing is complete, the Court shall order a hearing, if deemed necessary.

**IT IS SO ORDERED.**

Dated: January 13, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**